UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURTIS KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY LYNCH, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01696-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Application to Proceed In Forma Pauperis

　　　　Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

　　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed without leave to amend. Plaintiff purports to bring a claim "seeking higher wages" for himself "and all prison workers." He alleges that defendants "have failed to pay inmate workers sufficient wages such [as] $10.00 - $ 15.00 an hour [ ] in order for inmates to

survive better in prison, due to the expensive canteen and store package prices." ECF No. 1 at 3. He claims this is a deprivation of life's basic necessities. *Id.*

Plaintiff's claim cannot survive screening and should be dismissed without leave to amend because "[n]either Due Process in the Fourteenth Amendment nor the Eighth Amendment protect wages for a prisoner's prison job." *Montecastro v. Newsome*, No. 1:19-cv-01065-NONE-BAM (PC), 2021 U.S. Dist. LEXIS 57320, at *10 (E.D. Cal. Mar. 25, 2021). In *Rhodes v. Chapman*, 452 U.S. 337 (1981), the U.S. Supreme Court held that depriving inmates of job opportunities "simply [is] not [a] punishment[ ]," and thus, does not violate the Eighth Amendment. And in *Walker v. Gomez*, 370 F.3d 969 (9th Cir. 2004), the Ninth Circuit stated that "the Due Process Clause of the Fourteenth Amendment does not create a property or liberty interest in prison employment[.]" *Walker*, 370 F.3d 969 at 973 (internal quotations omitted). It follows that if an inmate has no constitutionally protected interest in prison employment, "he has no constitutionally protected interest in any benefit that may stem from [that employment.]" *See Montecastro*, 2021 U.S. Dist. LEXIS 57320, at *8-9 (summarizing numerous court opinions concurring that there is no constitutionally protected right to prison pay). For these reasons, this action should be dismissed without leave to amend for failure to state a claim upon which relief could be granted. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

/////

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE